By the Court, Bronson, J.
When the defendant asks for time, whether for the day or the whole circuit, if sufficient cause is shown, the usual course is to put off the trial on payment of costs ; and if the defendant neglects to comply with the condition, the plaintiff is allowed to proceed with the trial. If the cause is put off for the circuit on payment of costs, and in consequence of the order the cause goes over and the costs are not paid, this court will malte the proper order for enforcing payment. (Kirby v. Sisson, 1 Wend. 83.) It has not been the practice for the circuit judge to make a direct order for the payment of costs, and I think he has no power to do so. He only allows costs as a condition of granting the favor which the defendant asks.
But there is a further objection to the order made by the judge. If there were no question of power, we think the plaintiff’s motion for the costs of the circuit should not have been granted. It must be presumed that the trial was properly postponed until Saturday, and on that day the defendant was ready to proceed. The cause went over the circuit in consequence of the indisposition of the judge. The defendant was not in fault, and should not have been charged with the costs. (Mix v. Brisban, 2 Wend. 286.) He had paid the price for the only indulgence he had received, and the remaining costs of the circuit should have been left to abide the event of the suit.
The ex parte order of this court for a precept must have been granted without fully understanding the facts of the case, and proves, what is confirmed by all my experience, that it is never safe to grant a motion until the party to be affected by it has had notice and an opportunity of being heard.
As there was an order of this court, the issuing of the precept was not an irregularity. But the defendant is entitled to relief, and the whole proceeding must be set aside.
Ordered accordingly.